FORET, Judge.
This is a worker’s compensation suit[1] filed by plaintiff, Dorothy Turner, against her employer, Pinecrest State School. Following trial on the merits, the trial court found that plaintiff’s work-related injury had resulted in permanent partial disability and rendered judgment accordingly. Plaintiff appealed the trial court’s judgment, contending that she was entitled to permanent total disability. The sole issue before us on appeal is whether the trial court erred in finding that plaintiff’s permanent disability was only partial and not total.
FACTS
On May 2, 1981, plaintiff, Dorothy Turner, was employed as a cottage attendant at the Pinecrest State School. While attempting to restrain an adult resident, plaintiff fell, striking both her knees. Plaintiff filed an accident report with her employer and was sent to Rapides General Hospital’s emergency room for an examination. X-rays were taken, and plaintiff was diagnosed as having pulled ligaments in her knees. Plaintiff suffered from pain in her knees and, in January of 1982, she saw Dr. B.F. Chicóla, who aspirated fluid from her left knee. Plaintiff continued to experience pain and have intermittent swelling of her knees. On April 20, 1982, Dr. Ray J. Beur-lot examined plaintiff. X-rays taken at that time showed mild degenerative joint disease which Dr. Beurlot did not consider excessive for someone plaintiff’s age. On September 13, 1982, Dr. Beurlot performed an arthroscopy on plaintiff’s left knee but seems to have found no condition to account for the continued swelling and pain from which plaintiff suffered. On December 13, 1982, Dr. Thomas C. Laborde examined plaintiff and found some instability of the kneecap which he characterized as sub-luxing of the kneecap. Dr. Laborde prescribed some elastic knee supports for plaintiff, various medications to relieve pain, and physical therapy. On January 31, 1983, Dr. Laborde again saw plaintiff, at which time plaintiff told Dr. Laborde that the knee supports and medication had helped reduce her pain.
Plaintiff testified that she experienced pain in her knees and that at times the pain prevented her from carrying out all of her duties at work, particularly those involving walking. Plaintiff’s fellow employees testified that plaintiff often complained of pain and that she needed the assistance of her fellow employees in performing some of her duties. Since her accident, plaintiff has missed work due to her injury.
PLAINTIFF’S DISABILITY
The trial court found that plaintiff was permanently and partially disabled. Plaintiff contends that the trial court erred in not finding that her injury had resulted in permanent total disability. The gravamen of plaintiff’s complaint is that she proved that she worked in substantial pain and, therefore, had shown total disability.
Prior to 1975, jurisprudence had firmly established that inability to work without experiencing substantial pain resulted in the total disability of an employee. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9 (1932); Brannon v. Zurich General Accident & Liability Insurance Co., 224 La. 161, 69 So.2d 1 (1953); Phillips v. Dresser Engineering Co., 351 *139 So.2d 304 (La.App. 3 Cir.1977), writ denied, 353 So.2d 1048 (La.1978). In Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980), the Louisiana Supreme Court subsumed the substantial pain concept under the “odd lot” doctrine. Under the “odd lot” doctrine, a claimant is totally disabled if his injury limits the kind of work he can do to the extent that a reasonably stable market does not exist for his services. If the claimant can prove that his age, training, education, mental capacity, or other factors combine to place him at a substantial disadvantage in the labor market, he has made out a prima facie case for classification in the “odd lot” category. It is then incumbent on the employer to show that suitable work is regularly and continuously available to the claimant where he resides. Under the “odd lot” concept, the substantial pain of an employee becomes one of the factors which may combine to place the claimant at a substantial disadvantage in the labor market. If a claimant’s pain appreciably limits the type of work available to him and substantially reduces his ability to compete in the labor market, he should be treated as an “odd lot” worker and be awarded total disability unless there is proof that there are jobs available to him. Dusang v. Henry C. Beck Builders, Inc., supra.
In Dusang, the court found that even though the claimant worked in substantial pain, he was not totally disabled. The court noted that except for six weeks following his termination from the job on which he was injured, he had worked steadily, that the pain was not so disabling as to require him to be hospitalized or to miss work, and that although he required help from his co-workers at times, it was never necessary to substitute any employee because of the claimant’s inability to do the work.
In the case now before us, plaintiff failed to show that her pain appreciably limited the type of work available to her and substantially reduced her ability to compete in the labor market. Plaintiff was still employed by defendant at the time of trial. Although there was testimony that, at times, plaintiff required help from her co-workers, it was never necessary to substitute any employee because of her inability to do her work. It appears that, for the most part, plaintiff was still capable of performing the same work as she performed before her injury. The trial court’s finding that plaintiff was not totally disabled was correct. In the event that plaintiff earns less than she did before her injury, her classification as partially disabled will protect her.
Plaintiff also argues that she is entitled to penalties and attorney’s fees under LSA-R.S. 23:1201.2. Before attorney’s fees can be awarded under 23:1201.2, a claimant must show that his employer failed to pay a claim within sixty days after receipt of written notice of that claim and that such failure was arbitrary, capricious, or without probable cause. The only written notice of plaintiff’s claim for unpaid medical expenses which appears of record is that contained in her petition. Although the petition mentions “medical and other related recoverable expenses”, it does not describe these claims with any specificity and, in fact, does not even set forth the amount of such claims. This mere mention of unpaid medical claims was not adequate notice for the purpose of R.S. 23:1201.2. Since plaintiff failed to show that defendant was given written notice of her unpaid medical claims, she is not entitled to penalties and attorney’s fees for defendant’s failure to pay these claims. Of course, plaintiff is not entitled to penalties and attorney’s fees for defendant’s failure to pay total disability benefits, given our decision that plaintiff is not entitled to such benefits.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against plaintiff-appellant.
AFFIRMED.

. Plaintiffs accident occurred on May 2, 1981, before the effective date of the 1983 amendments to the Worker’s Compensation Law.